Filed 5/13/24  P. v. Galafate CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROMAN GALAFATE III,<br><br>Defendant and Appellant. | F086526<br><br>(Super. Ct. No. SC036346A)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

Appellant Roman Galafate III (appellant) was convicted of first degree murder with a special circumstance and sentenced to life in prison without the possibility of parole (LWOP). The judgment was affirmed on direct appeal. His numerous petitions seeking reversal and resentencing have been denied.

The instant appeal is from the trial court's order in 2023, that denied appellant's motion for a youthful offender hearing. The court relied on existing statutory and case authorities that exclude a prisoner sentenced to LWOP from receiving a youthful offender hearing, and rejected appellant's equal protection arguments. In their initial briefing on appeal, the parties acknowledged there were conflicting opinions from appellate courts on the constitutional issue. The California Supreme Court has now resolved this matter and held the statutory exclusion is not unconstitutional. We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1989, appellant and his then-wife, codefendant Leny Petersen Galafate (Leny),[1] were convicted after a joint jury trial of count 1, first degree premeditated murder of Violeta Peterson (Violeta), with the special circumstance that the murder was intentional and carried out for financial gain; and count 2, conspiracy to commit murder for financial gain. Appellant and Leny were both sentenced to LWOP for count 1, with a stayed term of 25 years to life for count 2.

The trial evidence established that appellant was an insurance agent, appellant and Leny had financial problems, and they declared bankruptcy. Approximately two weeks after they received their discharge from bankruptcy, appellant processed an application

---

[1] The spelling of codefendant's and the victim's names vary throughout the records on appeal. For consistency and clarity in this opinion, we use Leny Peterson Galafate (Leny) when referring to codefendant and Violeta Peterson (Violeta) to identify the victim.

for a $250,000 insurance policy on the life of Violeta, who was Leny's aunt. The application was dated February 18, 1986, and named "Leny Peterson" as the beneficiary, using Leny's maiden name, and listing appellant's office as Violeta's address. Leny signed Violeta's name on the application.

Around 6:50 p.m. on February 22, 1986, a motorist was traveling northbound on Browning Road from McFarland to Delano. At the intersection of Browning and Pond Roads, she saw a large car speeding westbound on Pond Road. The car went through a stop sign, swayed, and almost crashed into her car. The motorist saw the male driver pull the car over and park. A few minutes after 7:00 p.m., the motorist returned by the same route and saw a body in the roadway in the vicinity of where the car had been parked; the body had not been there earlier.

Violeta's body was found lying on the road. The autopsy revealed she died by asphyxiation caused by ligature strangulation, and considerable force was used to hold the ligature. There were fibers on her body that were microscopically and chemically consistent with the carpet in appellant's office.

A few days after the discovery of Violeta's body, appellant requested instructions and subsequently filed a claim on the insurance policy. The insurance company discovered Leny was the beneficiary and began an investigation.

The lengthy investigations conducted by law enforcement and the insurance company led to evidence of the conspiracy and murder. (*People v. Galafate et al.* (Apr. 8, 1991, F012067) [nonpub. opn.]; *People v. Galafate* (June 9, 2022, F081564) [nonpub. opn.].)

In 1991, this court affirmed the judgments in a joint direct appeal. (*People v. Galafate et al.*, *supra*, F012067.) Appellant's subsequent petitions for writ of habeas corpus were denied.

3

In 2019, appellant filed a petition for resentencing of his murder conviction under former section 1170.95 of the Penal Code.[2]  The trial court denied the petition for failing to state a prima facie case.  In 2022, we affirmed the court's order.  (*People v. Galafate*, *supra*, F081564).)  While the appeal from the denial of his first petition was pending, appellant filed a second petition for resentencing pursuant to section 1172.6.  In 2022, the trial court again found he failed to state a prima facie case and denied the petition.  On appeal from that ruling, appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436.  After appropriate notice, appellant did not file a letter brief, and this court dismissed the appeal in 2023. (*People v. Galafate* (June 8, 2023, F085550) [nonpub. opn.].)

## YOUTH OFFENDER HEARINGS

"California's youth offender parole statute offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age. [Citations.]  When it was first enacted in 2013, the statute applied only to individuals who committed their crimes before the age of 18; the purpose of the statute was to align California law with then-recent court decisions identifying Eighth Amendment limitations on life without parole sentences for juvenile offenders.  In more recent years, however, the Legislature has expanded the statute to include certain young adult offenders as well.  Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration."  (*People v. Hardin* (2024) 15 Cal.5th 834, 838 (*Hardin*); § 3051.)

In *People v. Franklin* (2016) 63 Cal.4th 261, the court interpreted section 3051 to require a youth offender have a "sufficient opportunity to make a record of information

---

**2**     All further statutory citations are to the Penal Code.

4

relevant to his eventual youth offender parole hearing." (*People v. Franklin* at p. 284.) At a *Franklin* hearing, the offender and the People have the opportunity to "put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors" at the time of the offense. (*Ibid.*) "[A]n offender entitled to a hearing under section[] 3051 … may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final." (*In re Cook* (2019) 7 Cal.5th 439, 451.)

However, "not all youthful offenders are eligible for parole hearings. [Section 3051] excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Hardin*, *supra*, 15 Cal.5th at pp. 838–839.)

## APPELLANT'S MOTION

The instant case is based on a motion that appellant filed in propria persona on February 7, 2023, that requested the trial court conduct a youthful offender hearing pursuant to section 3051, *Franklin*, and *Cook;* he also requested appointment of counsel. Appellant alleged he was born in 1962, and he was 23 years old "during the commission of the offense that he was convicted for." He had served 33 years in prison, that exceeded the 25 years "at which time [he] would have been entitled to a youth offender parole hearing" under *Franklin*.

Appellant acknowledged that existing statutory authority excluded otherwise eligible prisoners from receiving youthful offender hearings if they were sentenced to life without parole for a special circumstance. Appellant argued this exclusion violated his constitutional right to equal protection, and the court should conduct a *Franklin* hearing where he could demonstrate he would lead a law-abiding life if paroled.

The court granted appellant's request to appoint counsel and set the matter for a hearing.

5

**The Court's Order**

On June 23, 2023, the trial court conducted the hearing on appellant's motion. The court found appellant was the appropriate age to qualify for a youthful offender hearing, but denied the motion because existing law excluded a prisoner sentenced to life without parole from having a *Franklin* hearing, and rejected appellant's equal protection argument.

## DISCUSSION

When the parties initially filed their briefs in this appeal, they agreed that appellate courts disagreed as to whether the exclusion of offenders sentenced to life without parole violated an otherwise eligible defendant's constitutional right to equal protection.

While this appeal was pending, the California Supreme Court filed its opinion in *Hardin* and resolved the disagreement. *Hardin* held that in applying the rational basis test, "[r]espect for the Legislature's proper role—and ours—means that we may not strike down its enactment under a rational basis standard unless the challengers demonstrate that 'there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." ' " (*Hardin*, *supra*, 15 Cal.5th at p. 839.) *Hardin* further held that "[w]ithout foreclosing the possibility of other as-applied challenges" to section 3051, the statutory exclusion of young adult offenders sentenced to life without parole is not constitutionally invalid under a rational basis standard, either on its face, or as applied to the defendant in that case and other individuals serving LWOP terms for special circumstance murder. (*Hardin*, at p. 839.)

"Under California law, special circumstance murder is a uniquely serious offense, punishable only by death or life without possibility of parole. When it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth,

6

and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison. [Defendant] has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses." (*Hardin*, *supra*, 15 Cal.5th at p. 839.)

After the decision in *Hardin* was filed, this court ordered the parties to file supplemental briefs to address its application to this appeal. Both parties agree this court is bound by *Hardin* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450), but appellant reasserted his equal protection claim to preserve the issue for future challenges.

We acknowledge appellant's preservation of his equal protection argument. We find the trial court properly denied appellant's motion for a *Franklin* hearing because he was statutorily ineligible since he was convicted of special circumstance murder and sentenced to life without parole, and the statutory exclusion does not violate appellant's equal protection rights.

## DISPOSITION

The trial court's order of June 23, 2023, that denied appellant's motion for a youthful offender hearing, is affirmed.